UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM D. BOYLEN, | ) | CASE NO. 1:18-cv-1064 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| (For: Warden Steven Merlak),[1] | ) | |
| | ) | |
| RESPONDENT. | ) | |

Presently before the Court is the petition of Adam Boylen ("Boylen"), proceeding pro se, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1 (Petition)) and a motion for bail pending determination of the petition (Doc. No. 2).[2] The instant petition arises out of Boylen's conviction and sentence in the United States District Court, Northern District of Ohio, for violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq*. (Case No. 1:17-CR-50 ("Crim. Case").) (Crim. Case Doc. No. 26 (Judgment); Doc. No. 27 (Amended Judgment (September 12, 2017)).) On September 15, 2017, Boylen filed a Notice of Appeal to the Sixth Circuit Court of Appeals regarding his criminal conviction, and that direct appeal remains pending. (Crim. Case Doc. No. 28 (Notice).)

After filing the notice of appeal in his criminal case, Boylen filed a "Motion for Leave of Judicial Notice" challenging the legality of his conviction. (Crim. Case Doc. No. 34.) The Court construed Boylen's motion as motion to vacate, set aside, or correct his sentence pursuant to 28

---

[1] The caption reflects how it appears on Boylen's petition.

[2] Boylen has neither paid the filing fee nor filed a motion to proceed in forma pauperis.

U.S.C. § 2255, and denied the motion without prejudice because his direct appeal is still pending before the Sixth Circuit and Boylen failed to argue the existence of extraordinary circumstances that would warrant consideration of a § 2255 motion during the pendency of his direct appeal. (Crim. Case Doc. No. 36.)

Like his § 2255 motion, Boylen's § 2241 petition challenges the legality of his conviction. Boylen argues that exceptional circumstances warrant the Court's immediate consideration of his petition because this case presents issues of first impression regarding proper application and interpretation of the Clean Water Act. (Petition at 8-9.[3]) Boylen claims that (1) his counsel failed to raise these issues during his criminal case and caused Boylen to enter an uninformed and involuntary guilty plea, (2) his direct appeal before the Sixth Circuit "has only raised a sentencing challenge[,]" and (3) no other relief or remedy is available to test the legality of his detention and imprisonment. (*See id*. at 9-12.)

Boylen's § 2241 petition is denied without prejudice for multiple reasons. First, 28 U.S.C. § 2241 "is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction[.]" *Velasco v. Lamanna*, 16 F. App'x 311, 314 (6th Cir. 2001) (citing *Cohen v. United States,* 593 F.2d 766, 770-71 (6th Cir. 1979)). The proper vehicle to vacate, set aside, or correct Boylen's sentence with respect to his criminal conviction is a motion pursuant to § 2255, not a petition pursuant to § 2241. See *Brown v. Coakley*, No. 4:13cv1637, 2014 WL 5795558, at *2 (N.D. Ohio Nov. 6, 2014) ("Section 2255 is the primary avenue for relief for federal prisoners claiming the

---

[3] All page number references are to the page identification numbers generated by the Court's electronic docketing system.

right to release as a result of unlawful conviction or sentence.") (citing *Charles v. Chandler,* 180 F.3d 753, 756-57 (6th Cir. 1999)).

In very limited circumstances, a § 2241 petition may be used to contest a conviction or sentence "'if § 2255 is inadequate or ineffective to test the legality of the detention'" *Id.* (quoting *Terrell v. United States,* 564 F.3d 442, 447 (6th Cir. 2009)); *Hernandez v. Lamanna*, 16 F. App'x 317, 319 (6th Cir. 2001) ("Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention.") (citations omitted). But such circumstances occur only when a "petitioner demonstrates his 'actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255.'" *Brown*, 2014 WL 5795558, at *2 (quoting *Hayes v. Holland,* 473 F. App'x 501, 501-02 (6th Cir. 2012)); *Whitener v. Snyder*, 23 F. App'x 257, 258 (6th Cir. 2001) (citing *Charles,* 180 F.3d at 757). Boylen contends that he is not a "person" under the Clean Water Act and, therefore, actually innocent. (*See* Petition at 25-26.) In order to demonstrate actual innocence when contesting a conviction under § 2241, Boylen must show "'(1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.'" *Brown*, 2014 WL 5795558, at *2 (N.D. Ohio Nov. 6, 2014) (quoting *Wooten v. Cauley,* 677 F.3d 303, 307-08 (6th Cir. 2012)). Boylen makes no such showing of actual innocence in his § 2241 petition.

Finally, federal prisoners are required to exhaust their administrative remedies before filing a habeas petition under § 2241. *Watts v. Gunja*, No. 4:07CV3792, 2008 WL 423405, at *1 (N.D. Ohio Feb. 14, 2008) (citing *Little v. Hopkins,* 638 F.2d 953, 953-954 (6th Cir. 1981)). To the extent that Boylen's § 2241 petition could be construed as a challenge the execution of his sentence on appeal before the Sixth Circuit, the petition does not establish that Boylen has exhausted his administrative remedies.

For all of the foregoing reasons, Boylen's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied without prejudice. Boylen's motion for bail is moot, and denied as such. Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

**IT IS SO ORDERED**.

Dated: May 14, 2018

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**

---

[4] "Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1)." *Bautista v. Shartle*, No. 4:09 CV 2759, 2012 WL 11135, at *3 (N.D. Ohio Jan. 3, 2012) (collecting cases).